ETHERIDGE *v.* CITY OF PHILADELPHIA.[1]

(*District Court, E. D. Pennsylvania.* November 16, 1885.)

1. MUNICIPAL CORPORATION—LIABILITY FOR DEFECTIVE DRAW-BRIDGE—COLLISION—JURISDICTION.

   The schooner Elm City had engaged a tug to tow her from Pine street wharf, on the Schuylkill, to Port Richmond. The tug made fast to the schooner and signaled those in charge of defendant's bridge to open the draw to let them in. The draw was opened in response to the signal. The vessels proceeded on their way. There was a high wind blowing at the time. Those in charge of the bridge, owing to its being out of order, were unable to fasten the draw securely. It got beyond their control, swung round, struck and damaged the schooner. *Held,* that the admiralty court had jurisdiction, and that the municipal corporation was responsible for the negligence.

2. SAME—DEFECTIVE BRIDGE—NEGLIGENCE—NOTICE.

   When the draw of a bridge is turned to remove obstructions to navigation, it must be securely fastened. Failure to do this is negligence.

In Admiralty.

The cause came up to be heard on libel, answer, and proofs.

*Driver & Coulston,* for libelant.

*McMichael & Warwick,* for respondent.

BUTLER, J. The question of jurisdiction is settled by the following cases: *The Ceres,* 7 Wkly. Notes Cas. 576; *The Plymouth,* 3 Wall. 35; *The Rock Island Bridge,* 6 Wall. 215; *Atlee* v. *Packet Co.,* 21 Wall. 390; *Railroad Co.* v. *Steam-boat Co.,* 23 How. 219; *Leathers* v. *Blessing,* 105 U. S. 626; *The Maud Webster,* 8 Ben. 551.

It is quite clear that the accident resulted from defect in the bridge. When the draw is turned, to remove obstruction to navigation, it is intended to be secured in place by an iron bolt and socket. This ar-

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

rangement is essential to safety, and when employed renders an accident, such as befel the libelant, impossible. On the occasion involved, the provision for securing the draw was out of order, and useless. Had this not been so the accident would not have occurred. The character of the weather, at the time, made the defective condition of the bridge especially important.

That it was the respondent's duty to keep the bridge in repair is not questioned. Failing to discharge this duty, it became liable for the loss thus occasioned. The defect existed for many months. After so great a lapse of time it should have been discovered without notice. The exercise of proper vigilance would have discovered it much earlier. The testimony shows, however, that the respondent was notified of its existence long before the accident. The cases cited by respondent's counsel are inapplicable to the facts here involved.

I find no evidence of contributory fault in the libelant.

A decree must be entered accordingly for the libelant.