THE S. S. OREGON, (JOHN SIMPSON, Libelant.)

*(District Court, D. Oregon.  April 22, 1890.)*

ADMIRALTY.—PROCEEDINGS IN REM—COLLISION—DEATH OF SEAMAN—INTERVENTION OF ADMINISTRATOR.
  An administrator may intervene in a suit *in rem* to recover the damages allowed by a law of the state for the death of his intestate, caused by the wrongful act or omission of the persons in charge of the *res.*

*(Syllabus by the Court.)*

In Admiralty.

*Mr. C. E. S. Wood*, for libelant.
*Mr. Zera Snow*, for claimant.

DEADY, J.   Austin and Reed, seamen on the Clan Mackenzie, were killed in a collision that occurred between that vessel and the steam-ship Oregon, on the Columbia river, on the night of December 26, 1889.

The master of the Mackenzie, John Simpson, has brought suit in this court against the steam-ship to recover damages for the injury sustained by the collision, alleging that it was caused by the negligence of the persons in charge of the latter, in which suit the administrator has intervened.

Under the Oregon statute (Comp. 1887, § 371) giving a right of action to the administrator for the death of a person, caused by the wrongful act or omission of another, in cases where the deceased, had he lived, might have maintained an action for an injury caused by the same act or omission, an administrator might maintain a suit in admiralty to recover damages for the death of his intestate.   *The Harrisburg*, 119 U. S. 199, 7 Sup. Ct. Rep. 140; *The Alaska*, 130 U. S. 201, 9 Sup. Ct. Rep. 461.

A person injured by a marine tort—a tort committed on a navigable river of the United States—has a lien upon the offending vessel for the damages he is entitled to recover for such injury.   *The Rock Island Bridge*, 6 Wall. 215; *The Avon*, 1 Brown, Adm. 170.

By the law of this state the administrator having the same right to maintain an action for the death of his intestate as the latter would have for an injury caused by the same act or omission if he had lived, it follows, in my judgment, that he has, as an incident of such right, a lien upon the offending vessel for the amount of the damages he may recover in such action.

The administrator has such lien, also, by virtue of the Oregon statute, (Comp. 1887, § 3690,) which gives a lien on "every boat or vessel used in navigating the waters of this state * * * for damages or injuries to persons or property by such boat or vessel;" for, the tort being a maritime one, the state may give a lien in favor of the injured party when it occurs within its jurisdiction.   The administrator in this case may intervene in any suit brought against the offending vessel for an injury to person or property caused by the wrongful act or omission that resulted in the death of his intestate, and may join in his libel claims for the death of both Austin and Reed.

Under the admiralty rule 34, the administrator may file his libel in the clerk's office, and then apply to the court for an order requiring the claimant to answer the same; and such claimant may thereupon take such exceptions or make such defense thereto as, by the course of admiralty proceedings, he is entitled to.