HILL *v.* BOARD OF CHOSEN FREEHOLDERS OF ESSEX COUNTY *et al.*

(*District Court, D. New Jersey.* February 19, 1891.)

ADMIRALTY JURISDICTION—INJURY TO VESSEL IN DRAW.
 The admiralty jurisdiction of the federal courts extends to a libel *in personam* for an injury to a vessel resulting from negligence in the management of a draw-bridge over navigable tide-waters of the United States.

In Admiralty. Libel *in personam.*
*Charles E. Hill, pro se.*
*F. W. Stevens,* for respondents.

GREEN, J. This libel was filed to recover from the respondents damages sustained by the libelant's steam-propeller Mignon, under the following circumstances, as alleged and stated in the libel: On the 16th day of September, 1889, the propeller Mignon, under the charge of a competent master and crew, was proceeding down the Passaic river, within the territorial limits of the state of New Jersey, and near a certain bridge constructed over that river, connecting Bridge street, in the city of Newark, and Harrison avenue, in the town of Harrison, and commonly known and designated as the "Free Bridge." The river, at the point where the bridge is so constructed, forms a part of the navigable tide-waters of the United States. The bridge is a double swing drawbridge, having two draws or openings to permit the passage of vessels navigating the river. On the day in question, as the Mignon, on her course down the river, approached this bridge, the usual signal whistle was sounded to warn the bridge attendant of her approach, and to notify him to open the draw, so that safe passage could be had. The duty of attending to the bridge, and of opening and closing the draw, it is alleged, is cast by law upon the respondents, and, upon this occasion, this duty was so unskillfully, negligently, and carelessly performed by the respondents' agents and servants that, without any fault of the Mignon, she was brought into collision with the overhanging part of the draw-bridge, and sustained, in consequence, serious pecuniary damage. It is to recover of the respondents this damage that this libel has been filed.

The matter comes before the court now, not upon the merits, but upon the question of jurisdiction. The respondents have filed their answer to the libel, and, *inter alia,* they insist that an action for damage or loss sustained by the collision of the Mignon with the bridge in question, under the circumstances stated, is not a case of admiralty and maritime juris-

diction, within the meaning of the constitution of the United States, and of the acts of congress passed thereunder and thereto relating; and it is now moved to dismiss the libel for this cause.    But I do not think this objection to the jurisdiction of this court can be sustained.    On the contrary, it is settled that courts of the United States, sitting as courts of admiralty, do have plenary jurisdiction of just such cases.    This is a libel *in personam*, not *in rem*.    It is based upon a maritime tort.    A maritime tort includes not only wrongs and injuries committed by direct force, but, as well, wrongs suffered in consequence of the negligence or malfeasance of others, where the remedy at common law would be by an action on the case.    Now, in cases of maritime torts, the jurisdiction of the court depends entirely upon locality.    If the wrongs be committed or suffered upon the high seas, or within the ebb and flow of the tide, it has never been disputed that they fall within the jurisdictional limits of a court of admiralty.    In the *Rock Island Bridge Case*, 6 Wall. 213, 215, Mr. Justice FIELD, in delivering the opinion of the court, says:

"There is no doubt that the jurisdiction of the admiralty extends to all cases of tort committed on the high seas, and in this country on navigable waters. For the redress of these torts, the courts of admiralty may proceed *in personam*, and, when the cause of the injury is the subject of a maritime lien, may also proceed *in rem.*"

And Henry, in his work upon the jurisdiction of the Admiralty Courts of the United States, says:

"Jurisdiction, so far as it concerns torts, depends entirely upon locality; but the tort must be committed upon the water, and not upon the land. An injury to a bridge, or a permanent structure in a navigable stream, is not within the admiralty jurisdiction; but an injury to a vessel, by a bridge or other obstruction placed in the stream, is." Hen. Adm. § 26; *Atlee* v. *Packet Co.*, 21 Wall. 389; *Philadelphia, W. & B. R. Co.* v. *Philadelphia, etc., Tow-Boat Co.*, 23 How. 209.

As locality, then, is the test of admiralty jurisdiction over torts, the critical question is, was the tort complained of committed on land or on navigable waters?    The answer, whatever it may be, is decisive and final.    Clearly, in this case, it appears that the wrongful act was committed upon navigable waters, and hence within the jurisdiction of this court.    The motion to dismiss the libel is denied.