EVANS v. WESTERN TIMBER & LOGGING CO.

(District Court, W. D. Washington, S. D. December 26, 1912.)

No. 1,235.

ADMIRALTY (§ 19*)—JURISDICTION—MARITIME TORTS—INJURY TO VESSEL.
     A suit in personam against a timber company to recover for the loss of a vessel by coming into collision at night with a pile, alleged to have been an obstruction to navigation, driven by respondent in navigable

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

water in aid of its rafting operations and negligently left unlighted, is within the jurisdiction of a court of admiralty.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 233, 234; Dec. Dig. § 19.*

Admiralty jurisdiction of torts, see note to Campbell v. H. Hackfeld & Co., 62 C. C. A. 279.]

In Admiralty. Suit in personam by Bert Evans' against the Western Timber & Logging Company. On exceptions to libel for want of jurisdiction in the court. Exceptions overruled.

Teats, Metzler & Teats, of Tacoma, Wash., for libelant.

Ballinger, Battle, Hulbert & Shorts, of Seattle, Wash., for respondent.

CUSHMAN, District Judge. This is a libel in personam, wherein the libelant seeks to recover from the respondent for injuries caused by a collision between libelant's gasoline launch, of 20 tons' burden, with a pile, alleged to have been driven in the navigable waters of Puget Sound by the respondent. The libel recites:

"That on the 23d day of March, 1911, and for some time prior .thereto, the libelant, Bert Evans, was the master and owner of the launch Elsie E. That the said launch Elsie E was a gasoline propelled craft of about 20 tons' burden, and a tight, staunch, and strong craft. That the said Bert Evans is at this time, and was at all times herein mentioned, a duly licensed pilot, and that on the 23d day of March, 1911, and for some time prior thereto, the said Bert Evans operated the said craft Elsie E on the waters of Puget Sound, and in particular between the ports of Tacoma and Burley, carrying passengers and freight for hire. That the town of Burley is located at the north or upper end of what is known as the Burley Lagoon. That said lagoon is a navigable body of water at high tide and an arm of Puget Sound. That on the 23d day of March, 1911, and for a long time prior thereto, the said Western Timber & Logging Company, in the operation of its logging business, had placed and driven into the said lagoon piles to be used by the said Western Timber & Logging Company for its rafting and booming ground. That the said piles were driven into the said lagoon, and along and across the channel of the said lagoon. That it was necessary for the various water crafts, in reaching the said town of Burley, to follow the said channel. That the respondent Western Timber & Logging Company obstructed the channel leading to the town of Burley with its said piles, making navigation in the upper end of the said Burley Lagoon dangerous and hazardous, and that the said piles were a hindrance and obstruction to navigation, and that on the 23d day of March, 1911, the said respondent maintained no lights in the nighttime upon the said piles, or any of them. And that said Western Timber & Logging Company on the said 23d day of March, 1911, and prior thereto, maintained said piles driven into the said Burley Lagoon, contrary to the orders of the United States engineers. That in order to reach the town of Burley it was necessary, owing to the shallowness of the water in the said lagoon, to go in at high tide, and that on the said 23d day of March, 1911, the tide was high at about the hour of 1:30 in the morning; that on the said 23d day of March, 1911, as the said Bert Evans was proceeding on his way with the said launch Elsie E to the landing at Burley, and as he was navigating his said craft in a careful and cautious manner and under slow speed, and through no fault of his own, but through the carelessness and negligence of respondent, and its utter disregard to the rights of navigators in obstructing the said channel with their piles, and through the carelessness and negligence of the Western Timber & Logging Company

*For other cases see same topic & § NUMBER in Dec. &.Am. Digs. 1907 to date, & Rep'r Indexes

In not maintaining in the nighttime lights upon the said obstructions, the launch Elsie E struck one of the said piles, overturning the said craft, which immediately took fire, and was totally consumed, and was a total loss."

This matter is before the court on exceptions to the libel; it being contended that the cause of action set forth "is not an admiralty and maritime action, and is not within the jurisdiction of this court." In Philadelphia, Wilmington & Baltimore Railroad Co. v. Philadelphia & Havre de Grace Towboat Co., 23 How. 209, 16 L. Ed. 433—which was a case of injury to a vessel colliding with a pile left in the bed of a navigable river—concerning jurisdiction, the court says:

"Since the case of Waring v. Clark, 5 How. 464, 12 L. Ed. 226, the exception of infra corpus comitatus is no longer allowed to prevail. In such cases, the party may have his remedy either in the common-law courts or in the admiralty."

In the case of The Blackheath, 195 U. S. 361, at 365, 25 Sup. Ct. 46, at 47 (49 L. Ed. 236), it is said:

"The precise scope of the admiralty jurisdiction is not a matter of obvious principle or of very accurate history. As to principle, it is clear that, if the beacon had been in fault and had hurt the ship, a libel could have been maintained against a private owner, although not in rem. Philadelphia, Wilmington & Baltimore R. R. Co. v. Philadelphia & Havre de Grace Steam Towboat Co., 23 How. 209 [16 L. Ed. 433]; Atlee v. Packet Co., 21 Wall. 389 [22 L. Ed. 619]; Panama Railroad v. Napier Shipping Co., 166 U. S. 280 [17 Sup. Ct. 572, 41 L. Ed. 1004]. Compare The Rock Island Bridge, 6 Wall. 213 [18 L. Ed. 753]."

In the first case above, Philadelphia, Wilmington & Baltimore R. R. Co. v. Philadelphia & Havre de Grace Steam Towboat Co., 23 How. 209, 16 L. Ed. 433, the pile causing the damage had been driven in connection with the construction of a railroad bridge, a matter entirely nonmaritime. In the case before the court it is alleged that the pile placed in the channel and causing the damage was, with other piles, placed by the respondent in the lagoon to be used "for its rafting and booming ground"—a use connected with navigation. In this respect the case now before the court is more clearly within the jurisdiction of the court than the case of Philadelphia, Wilmington & Baltimore R. R. Co. v. Philadelphia & Havre de Grace Steam Towboat Co., supra.

The exceptions are overruled.