### THE AMERICA.

### THE J. A. MARTIN.
#### No. A–15828.

District Court, E. D. New York.
Sept. 24, 1940.

Foley & Martin, of New York City, for claimant-petitioner.

Hatch & Wolfe, of New York City (J. Newton Nash, of New York City, of counsel), for respondent-impleaded.

BYERS, District Judge.

Hearing on exceptions filed by respondent-impleaded, who asserts that, since the tort alleged in the petition to implead was committed on land, if at all, the court is without jurisdiction.

The actionable wrong as alleged is that, through the bursting or letting go of a pipe connected with the respondent-impleaded's plant at Grasselli, N. J., on one shore of the Kills, fumes or gases were allowed to escape therefrom and accumulate over the adjacent waters in such volume and of such density that the claimant of the vessel which collided with that of the libelant was unable to navigate so as to avoid doing the damage for which the libel was filed.

The following cases indicate that a cause in personam in admiralty exists, if it be proven that a tort arising on land takes effect on navigable waters, to the injury of a vessel on behalf of which the cause is asserted: Philadelphia, W. & B. R. R. Co. v. Philadelphia, etc., Co., 23 How. 209, 16 L. Ed. 433; Leonard v. Decker, D. C., 22 F. 741; Galena, D. D. & M. Packet Co. v. Rock Island, etc., 6 Wall. 213, 18 L. Ed. 753; The Normannia, D. C., 62 F. 469, at 472; Hermann v. Port Blakely Mill Co., D. C., 69 F. 646; Dorrington v. Detroit, 6 Cir., 223 F. 232, at 242; Smith v. Lampe, 6 Cir., 64 F.2d 201.

Exceptions overruled. Settle order.