See also, 108 F.Supp. 595.

**PATEL COTTON CO., Limited, v. THE STEEL TRAVELER et al.**

United States District Court
S. D. New York.

April 22, 1953.

822

Hill, Rivkins & Middleton, New York City, Arthur O. Louis, New York City, Advocate, for libelant.

Kirlin, Campbell & Keating, New York City, for respondent and respondent-impleaded Isthmian Steamship Co.

Crowell & Rouse, New York City, for Todd Shipyards Corp. respondent-petitioner.

Purdy, Lamb & Catoggio, New York City, Vincent A. Catoggio, New York City, Advocate, for impleaded-respondent Anderson Clayton & Co., Inc.

DIMOCK, District Judge.

In this suit in admiralty, Patel Cotton Co., Ltd., filed a libel which has been served upon the respondents Isthmian Steamship Company and Todd Shipyards Corporation. Todd impleaded Anderson Clayton & Co., Inc. These four parties will be hereinafter referred to respectively as "Patel", "Isthmian", "Todd" and "Anderson Clayton". Todd also impleaded Isthmian and a warehouse company over the latter of which jurisdiction has not been obtained. There are before me three motions made respectively by Patel, Anderson Clayton and Todd for various forms of relief.

Anderson Clayton moves to dismiss the petition impleading it on the ground that neither the libel against Todd nor the petition impleading Anderson Clayton seeks relief for a maritime tort.

Todd moves that the whole case be transferred to the United States District Court for the Southern District of Texas, Houston Division, on the ground of forum non conveniens.

Anderson Clayton moves that the issues on the impleading petition be severed and transferred to the Texas District for trial.

The other motions all involve questions as to the place, time or manner of taking depositions.

Patel is an East Indian corporation which was consignee of cotton loaded at Houston on Isthmian's ship "Steel Traveler" for delivery at Bombay. The cotton was destroyed or damaged by fire while the vessel was in Todd's floating drydock at Houston.

Anderson Clayton was shipper of the cotton. Todd impleaded Anderson Clayton and Isthmian and the warehouse on the theory that they were guilty of some fault in the preparation or loading of the cotton and, if Patel should recover from Todd,

then Todd "should have recovery over therefor against respondents-impleaded."

■ With respect to Anderson Clayton's motion to dismiss the impleading petition on the ground that no maritime tort is involved, it will be remembered that the fire occurred when the vessel was in Todd's floating drydock at Houston. The cause of action for such damage is maritime. Travelers Ins. Co. v. McManigal, 4 Cir., 139 F.2d 949; Butler v. Robins Dry Dock & Repair Co., 240 N.Y. 23, 147 N. E. 235. The result is not changed by the fact that Anderson Clayton's part may have been played on land. Smith v. Lampe, 6 Cir., 64 F.2d 201, 202, certiorari denied 289 U.S. 751, 53 S.Ct. 695, 77 L.Ed. 1496; The America, D.C.E.D.N.Y., 34 F. Supp. 855; Leonard v. Decker, D.C.S.D.N. Y., 22 F. 741.

■ Assuming the power of the court to direct a severance of the impleaded cause of action, while it might serve the convenience of some of the parties, it would not serve the ends of justice sought to be attained by Admiralty Rule 56 under which respondents were impleaded. Anderson Clayton's liability over to Todd will in all probability depend upon the facts established in the prosecution of Patel's claim against Todd. If Anderson Clayton is not a party to the proceeding in which that claim is determined the issue will have to be relitigated with the possibility of an inconsistent decision.

I pass now to Todd's motion for a transfer of the case to Texas and the motions involving depositions. These involve geographical considerations. Jurisdiction of all of the original and impleaded respondents could have been obtained in the Texas District. Indeed, jurisdiction over the warehouse, which plaintiff is now attempting to obtain by foreign attachment, could be obtained in the Texas District by personal service. Libelant has no office in either New York or Texas, the suit having been brought in New York to meet the convenience of the insurer which has paid the loss, Export Insurance Company, which has its principal office in New York City. Todd has an office and plant in Houston

and Anderson Clayton has its principal office in Houston and all witnesses with respect to the preparation, loading and damage are in Houston except the crew of the vessel whose whereabouts is presumably no more stable than is usual for mariners.

Patel and Isthmian oppose the transfer. Anderson Clayton, while evidently preferring to have the impleaded cause of action severed and tried in Texas, does not oppose transfer of the whole case.

The forum non conveniens doctrine is embodied in 28 U.S.C. Supp. V, § 1404(a) which reads:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This section is applicable to admiralty suits in personam. Arrowhead Co. v. The Aimee Lykes, 2 Cir., 193 F.2d 83.

If any testimony is to be taken in open court the convenience of witnesses is overwhelmingly in favor of the Texas District. So far as the convenience of parties is concerned, the convenience of the insurance company, which is to all intents and purposes the libelant, must favor prosecution in New York since it has chosen that forum probably because of proximity to regular counsel. Todd and Anderson Clayton who have offices in Houston and who must produce evidence of happenings there would find their convenience served by transfer to Texas. Isthmian will probably find it slightly more difficult to produce seamen's testimony in Houston than New York though the difference is very slight.

■ Thus the balance of convenience substantially preponderates in favor of Houston but we are warned to give great weight to the libelant's choice of a forum. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055. Bearing in mind that consideration, I feel that libelant's choice should not be disturbed if it is willing, finally and irrespective of the event, to shoulder the expense involved in the taking of testimony in Texas. Only if libelant thus minimizes the inconvenience

caused others by its choice of a forum can I say that its right to that choice outweighs this inconvenience.

That brings me to the other motions.

 Todd has noticed the taking of Anderson Clayton's testimony in Texas. Anderson Clayton moves that Todd be required to pay Anderson Clayton's expenses and counsel fees or to substitute written interrogatories. Written interrogatories are an unsatisfactory substitute for oral questions and will not be required. Nor will Todd be required to pay Anderson Clayton's expenses and counsel fees since they will either be paid by Patel or the case will be transferred to Texas, in which event each party's local expenses will be, as usual, for his own account.

Anderson Clayton noticed an examination of Todd before Todd served its notice of examination of Anderson Clayton. Anderson Clayton's notice was withdrawn with leave to renew and, before it was renewed, Todd served its notice on Anderson Clayton. The reservation of right to renew did not preserve Anderson Clayton's priority so Anderson Clayton's motion to defer the examination by Todd is denied.

Patel has given notice that it will examine Todd in Texas at the same time that Todd examines Anderson Clayton. Patel asks counsel fees and expenses. My determination that the case should be transferred to Texas or all counsel fees and expenses involved in taking testimony there in advance of trial shouldered by Patel disposes of that motion.

Todd has noticed an examination of Patel in New York. Patel moves that Todd be required to substitute written interrogatories propounded to Patel's counsel or, in the alternative, that Todd's examination of Patel be postponed until Patel has examined Todd under the notice that Patel would do so when Todd examines Anderson Clayton in Texas.

As a basis for the plea for the substitution of written interrogatories, counsel for Patel says that he has a large amount of documentary material and will be willing to frame answers founded thereon. Whatever it is that Todd expects to get by an examination in New York of Patel, the Bombay consignee, Patel has made no sufficient showing that this examination of counsel by written interrogatories would more closely approximate justice.

Patel asks, in the alternative, that Todd's examination of Patel be stayed until the completion of Patel's examination of Todd. The basis for this request is priority of the service of Patel's notice. That notice, however, fixed the time as the date when Todd should examine Anderson Clayton in Houston. To give effect to the priority of such a notice would mean that Patel had succeeded in forcing Todd to examine Anderson Clayton before examining Patel. That seems to me to be too much like a chess game and too little like the administration of justice. I shall therefore not give to Patel's notice the effect as to priority that it would have had if it had named a fixed date for the examination.

Settle orders on notice.