Minetta HARWICH and Harry Harwich

v.

ATLANTIC COAST LINE RAILROAD.

Civ. A. No. 54–246.

United States District Court,
D. Massachusetts.

March 4, 1955.

Supplemental Opinion April 6, 1955.

Jerome Lyle Rappaport, Boston, Mass., for plaintiff.

William Sleigh, Jr., Putnam, Bell, Santry & Ray, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a motion to transfer. There is no doubt in my mind that the balance of interest would be in favor of a transfer for trial in Georgia, where the accident occurred. The only question is whether this balance is so strong that the defendant has sustained the considerable burden which is upon it.

The plaintiffs, residents of Massachusetts, drove their car in the nighttime into the back part of the engine of a moving freight train at a grade crossing. They contend that the train was moving at a high rate of speed, that it had no headlight and was sounding no warning. The defendant contends that the train was moving slowly, being about to stop, and that the headlight, whistle and bell were in operation.

The defendant, in addition to five men on the train, and some on the ground, alleges that it has seven disinterested witnesses who will testify to some or more of the above facts regarding operation from personal observation. Against this the plaintiffs have one disinterested witness, who happened to be driving another car at the same time and place, who lives in Massachusetts, and, in addition to themselves, they have two Boston doctors who will be principal witnesses on damages. On the subject of damages, there are two Georgia doctors who saw the plaintiffs for a short while, and two other doctors in Florida who saw them for a few weeks. The plaintiffs are financially well able to go to Georgia for trial.

This is not an easy question. At the outset I discard certain contentions made by the defendant. The alleged doubt about the jurisdiction of this court does not affect me; nor does the fact that the court would have to apply foreign law. No intricate problems of foreign law have been suggested. Nor does it seem important that the defendant will not have additional legal bills to meet in Georgia, but will have to employ special counsel here. On the other hand, I am much troubled about the question of witnesses. Bringing so many of defendant's employees here would involve a not inconsiderable expense, and a considerable burden upon the operation of a railroad. In addition, the defendant has a large number of disinterested witnesses who observed one or more features of the operation of the train at the time in question. I assume they could probably not be brought here. I further assume that live witnesses are much more significant than depositions from the standpoint of a jury.

The plaintiffs have themselves, and one disinterested eyewitness. The plaintiffs also have two doctors who have treated them here. While against these two doctors the defendant has two doctors who treated them in Georgia, I believe the plaintiffs' doctors are more important. However, it has been my ob-

servation that medical testimony suffers much less from being transcribed than does liability testimony. I agree with the court in Nicol v. Koscinski, 6 Cir., 188 F.2d 537. The factor which caused one judge to dissent in that case, namely, the poor financial condition of the plaintiff, is not present in the case at bar.

This leads me to a consideration of the substance of the case. It seems one in which I would with little hesitation order a view if either party wanted it, even if the other objected. Photographs are good, but views are often better. Leppard v. Jordan's Truck Line, D.C. E.D.S.C., 110 F.Supp. 811. I think there is much to be said for having local matters tried in the locality. While it is not at all determinative, with some diffidence I suggest that the standards of the community may be important and cannot be reproduced elsewhere. The cause of action has no relationship with Massachusetts except the accident that the plaintiffs happen to live here. They did not buy tickets in Massachusetts; they were not even passengers. It would seem more appropriate that the case should be tried in the local district where the docket appears far less crowded than it is here, even though because of the age of this particular case it would now be reached here about the same time as it would be reached there. The defendant's delay in moving for transfer is because of a motion to dismiss for lack of jurisdiction, only recently heard.

Under 28 U.S.C.A. § 1404(a) it is not necessary for a defendant to establish as much as was previously required by the doctrine of *forum non conveniens*. In re Josephson, 1 Cir., 218 F.2d 174. It must, however, make out a strong case. In my opinion it has done that. The motion will be allowed.

### Supplemental Opinion

ALDRICH, District Judge.

On motion for rehearing, plaintiff points out that defendant's motion to dismiss for lack of jurisdiction was de-nied in June and that the motion to transfer was not filed until the following December, and states that during this interval plaintiff incurred what now unnecessary expenses in the preparation of interrogatories and in the hiring of trial counsel. In view of the fact that this case was placed on a general trial list in December these expenses were certainly warranted, and accordingly form the basis for a claim of laches.

The defendant offers no explanation as to its delay in filing its motion to transfer. I think I would be letting the tail wag the dog to allow this delay to be determinative of the transfer, but also I do not feel that plaintiff should be penalized by it. The preparation of interrogatories would not seem to be wasted effort, and I discard that, but the employment of additional counsel in preparation for trial was wasted. I will accordingly deny defendant's motion to transfer unless defendant, within ten days, shall stipulate to pay a reasonable fee for local trial counsel's preparation. Cf. Patel Cotton Co. v. The Steel Traveler, D.C.S.D.N.Y., 111 F. Supp. 821. If the defendant stipulates to pay such a fee, but the parties are thereafter unable to agree on the amount, I will determine it myself after hearing.