**Frank W. BIRD and Russell H. Smith, doing business as Smith & Bird**

**v.**

**S. S. FORTUNA, her engines, boilers, etc., Norton Line, Norton, Lilly & Company, Inc., and Stockholms Rederi A/B Svea and Wiggin Terminals, Inc.**

**S. S. FORTUNA, her engines, boilers, etc., Norton Line, Norton, Lilly & Company, Inc., and Stockholms Rederi A/B Svea**

**v.**

**WIGGIN TERMINALS, INC., Columbia Cornice Company, Massachusetts Port Authority, and S. Volpe & Co., Inc.**

No. 64-7-S.

United States District Court
D. Massachusetts.

March 31, 1965.

John T. Bowes, Boston, Mass., for libellant.

Leo F. Glynn, Boston, Mass., for respondents and third-party libellants.

John M. Reed, Withington, Cross, Park & McCann, Boston, Mass., for third-party respondent Wiggin Terminals, Inc.

Harold Rosenwald, Boston, Mass., for third-party respondent Columbia Cornice Co.

Robert J. Hallisey, Bingham, Dana & Gould, Boston, Mass., for third-party respondent Mass. Port Authority.

Peter D. Cole, Boston, Mass., for third-party respondent S. Volpe & Co., Inc.

SWEENEY, Chief Judge.

The SS FORTUNA, on February 21, 1962, discharged at Castle Island Terminal, Boston, Massachusetts, a cargo of sisal which was damaged by water. As a result, the consignee (Smith & Bird) brought this action against the ship, her owners and operators (hereinafter referred to in the singular as Norton Line) and against the pier operator (Wiggin). Norton Line filed a cross libel against Wiggin for indemnity of any sums for which they may be liable to Smith & Bird, alleging that the damage was caused by a defective roof on the pier shed. Exceptions to the cross libel have previously been overruled. Norton Line has now filed a third-party libel against the Massachusetts Port Authority, S. Volpe & Co. and Columbia Cornice Company—the owner of the pier, the general contractor and the subcontractor who performed repairs on the shed, respectively. This third-party libel alleges that if the sisal was damaged, the damage was caused by the negligence of these respondents in repairing the roof, and by their misrepresentations of the condition and suitability of the shed for storage of cargo. Columbia Cornice Company excepts to the libel principally on the ground that it does not state a claim within the admiralty jurisdiction.

Norton Line argues in support of the libel that "the maritime jurisdiction of the Court is determined by the maritime quality of the property damaged. Since the effect of the negligent act of the respondent roofer while the goods were still moving in ocean commerce tortiously caused the damage, that act had the quality of a maritime tort although the cargo was on the pier at the time of the occurrence." But that is not the law and not the holding of the cases cited by Norton Line. In The America, 34 F.Supp. 855 (E.D.N.Y.1940) and Fireman's Fund Insurance Co. v. City of Monterey, 6 F.2d 893 (N.D.Calif.1925) jurisdiction in admiralty was found to exist because the tort, although arising on land, took effect on or in navigable waters. Wilson v. Transoceanic Air Lines, 121 F.Supp. 85 (N.D.Calif.1954) upheld admiralty jurisdiction under the Death on the High Seas Act, 46 U.S.C. §§ 761–767, where an airplane crashed into the sea, and Noel v. Airponents, Inc., 169 F.Supp. 348 (D.C.N.J.1958) concerned a question of conflict of laws not here relevant.

■ "[T]he jurisdiction of the admiralty over maritime torts depends upon locality—the high seas, or other navigable waters within admiralty cognizance; and being so dependent upon locality, the jurisdiction is limited to the sea or navigable waters not extending beyond the high water mark." The Plymouth, 70 U.S. (3 Wall.) 20, 18 L.Ed. 125 (1866).

■ As it is clear from the third-party libel that the alleged negligence took place on land and the resulting damage took effect on land, the exceptions of Columbia Cornice Company to the libel are sustained. Since it is also clear from the allegations in the libel that there is no admiralty jurisdiction of the claims against any of the respondents, the court, of its own motion, orders dismissal of the libel as to all third-party respondents.