**O. F. SHEARER & SONS, INC.,
a corporation, Plaintiff,**

v.

**Charles A. DECKER, Jr., Defendant.
Civ. A. No. 2960.**

United States District Court,
S. D. West Virginia,
Huntington Division.

Oct. 31, 1972.

R. Michael Shaw, Point Pleasant, W. Va., for plaintiff.

Raymond G. Musgrave, Musgrave & Musgrave, Point Pleasant, W. Va., for defendant.

CHRISTIE, Chief Judge:

In this action, removed by the defendant from the Circuit Court of Mason County, West Virginia, pursuant to the provisions of 28 U.S.C.A. Section 1441 et seq., plaintiff has moved the court to remand the case to the state court, asserting numerous grounds in support of its position that the district court does not have jurisdiction under the removal statutes. After reviewing the pleadings and exhibits, we are of the opinion that plaintiff's motion to remand must be granted and it will be so ordered.

STATEMENT OF THE CASE

The facts giving rise to the litigation may be summarized as follows:

On March 12, 1971, the motor vessel "Etta Kelce" was traveling upon the Ohio River adjacent to Mason County, West Virginia, at a point where that river separates the State of West Virginia from the State of Ohio. While passing near the community of West Columbia, in Mason County, the propeller of the vessel became dislodged from the drive shaft and sank into the river. Some time thereafter, defendant and others retrieved the propeller from the river. The record is not entirely clear with regard to the negotiations between plaintiff and defendant concerning the propeller, however, plaintiff apparently made some attempt to secure the return of the propeller from the defendant. The defendant refused to surrender possession and, as a consequence, plaintiff instituted suit in the Circuit Court of Mason County seeking return of its propeller or, in the event that possession of the propeller could not be obtained, judgment for its value. In response to the complaint, defendant first moved the state court to dismiss the action, asserting that it was within the exclusive jurisdiction of the federal district court sitting as a court of admiralty. The defendant also filed an answer to the complaint in which he again asserted lack of jurisdiction in the state court. As a part of his answer, defendant asserted a counterclaim seeking compensation for the salvage of the propeller. The state court denied defendant's motion to dismiss, holding that it had jurisdiction of the subject-matter of the suit. Thereafter, defendant petitioned this court for removal of the action to the federal district court.[1]

---

1. In addition to the grounds requiring remand of this case, as noted by the Court in subsequent portions of this opinion, plaintiff asserts that defendant has waived his right to removal by failing to comply with the time requirements as set forth in 28 U.S.C.A. Section 1446. In view of the holding of lack of jurisdiction of the action in this court, however, the determination of the question of

## DISTRICT COURT'S REMOVAL JURISDICTION

■ It should first be noted that, as a part of his removal petition, defendant asserts that the Circuit Court of Mason County lacked jurisdiction, his position being that the action is essentially a maritime proceeding in rem and therefore within the exclusive admiralty jurisdiction of the federal district court. Of course, if the defendant is correct in his assertion that the Circuit Court of Mason County lacked jurisdiction of the subject-matter of the suit, then, under well-established principles, this court would be required to dismiss the action. As stated by the Court in Lambert Run Coal Company v. Baltimore & Ohio Railroad Company, 258 U.S. 377, 382, 42 S. Ct. 349, 351, 66 L.Ed. 671 (1922):

> "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

As will be noted subsequently in this opinion, the Court is of the view that, contrary to defendant's assertions, the Circuit Court of Mason County did in fact have jurisdiction of the subject-matter of this action, and accordingly *dismissal* of the action is not appropriate. The question remains, however, whether this action may properly be removed, under the facts of this case, to the federal district court. The bases upon which defendant relies in asserting his right to removal are twofold. Initially, apparently relying upon "federal question" jurisdiction, 28 U.S.C.A. Section 1331, defendant asserts that plaintiff's action, in essence, is an admiralty or maritime claim. Secondly, relying upon the diversity jurisdiction of the district courts, 28 U.S.C.A. Section 1332, defendant asserts that the amount in

controversy between the parties exceeds the sum of $10,000 and that the parties are of diverse citizenship.

Removal by a defendant of an action from a state court to a federal district court is provided for (with some exceptions not in issue in this case) in 28 U.S.C.A. Section 1441. Subsection (a) of that statute provides that an action brought in state court, of which federal district courts have original jurisdiction, may be removed by the defendant or the defendants to the federal district court. Subsection (b) of the statute provides that civil actions founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the residence or citizenship of the parties. The subsection further provides, however, that actions other than those arising under federal law, including actions based upon diversity of citizenship with the requisite amount in controversy, are removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought.

■ The question of whether cases of admiralty and maritime jurisdiction present claims "arising under" the Constitution, treaties, or laws of the United States and are thus within the original federal question jurisdiction of the federal district courts was the issue before the court in Romero v. International Terminal Operating Co., 358 U.S. 354, 364, 365, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), rehearing denied 359 U.S. 962, 79 S.Ct. 795, 3 L.Ed.2d 769. In that case the Court, noting that Article III, Section 2, Clause 1, of the Constitution contained nine separately enumerated classes of cases to which the "judicial power" was extended by the Constitution, relied upon the following statement of Chief Justice Marshall in American Insurance Co. v. Canter, 1 Pet. 511, 544, 7 L.Ed. 242 (1828), in support of its

whether defendant has waived his right to removal is not necessary to the decision in this case and, accordingly, the

Court intimates no view with respect to that question.

holding that admiralty and maritime claims were not identical with claims arising under the Constitution and laws of the United States:

"We are therefore to inquire, whether cases in admiralty, and cases arising under the laws and Constitution of the United States, are identical.

"If we have recourse to that pure fountain from which all the jurisdiction of the Federal Courts is derived, we find language employed which cannot well be misunderstood. The Constitution declares that 'the judicial power shall extend to all cases in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority; to all cases affecting ambassadors, or other public ministers, and consuls; to all cases of admiralty and maritime jurisdiction.'

"The Constitution certainly contemplates these as three distinct classes of cases; and if they are distinct, the grant of jurisdiction over one of them does not confer jurisdiction over either of the other two. The discrimination made between them, in the Constitution, is, we think, conclusive against their identity."

In view of the absence of original federal question jurisdiction in this case, the only other basis upon which this court would acquire jurisdiction under the removal statutes and the only other jurisdictional basis asserted by defendant, is that of diversity of citizenship of the parties with the requisite amount in controversy. It is clear, however, that although this court may have had original jurisdiction of the action had it been instituted in federal court rather than state court, the court has no jurisdiction under the removal statutes inasmuch as 28 U.S.C.A. Section 1441(b) provides that in all actions, other than those founded on a claim arising under the Constitution, treaties or laws of the United States, the action shall be removable only if none of the defendants is a citizen of the state in which the action was brought. The defendant in this case, being a citizen of the State of West Virginia, is thus precluded from removing the present case from the Circuit Court of Mason County, West Virginia, to this court. DeFoe v. Florance, 307 F.Supp. 100 (E.D.Va.1969).

## JURISDICTION OF THE STATE COURT

Having determined that this case is not removable to the federal district court under the provisions of 28 U.S.C. A. Section 1441 et seq., the question remains whether, as asserted by the defendant in the state court and in his petition filed in this court, the Circuit Court of Mason County lacks jurisdiction of plaintiff's cause of action. The determination of this issue, of course, is important in this case, since if the Circuit Court has jurisdiction, a remand to that court would be proper. However, if plaintiff's cause of action is within the exclusive admiralty jurisdiction of the federal district court, as claimed by defendant, then this court would be required to dismiss the action rather than remand it to the state court. See 1A Moore's Federal Practice, paragraph 0.-157 [3], at p. 86; paragraph 0.167 [3.–1], at pp. 942, 943, and cases cited therein.

It is clear that plaintiff, had it so desired, could have brought this action for recovery of the ship's propeller in a federal district court under its admiralty jurisdiction. As noted in 1 Benedict, Admiralty, Section 73 (6th Ed. 1940), admiralty has jurisdiction of possessory suits for the recovery of ships, their equipment and cargo. See also Post v. Jones, 19 How. 150, 60 U.S. 150, 15 L.Ed. 618 (1857); The Tietjen & Lang No. 2, 53 F.Supp. 459 (D.C.N.J. 1944). The fact that admiralty has jurisdiction of this action, however, does not necessarily preclude the plaintiff from seeking relief in the state court. This results from the famous "saving to suitors" clause found in the original Ju-

diciary Act of 1789. By that clause, Congress provided that the district courts should have "exclusive original cognizance" of all admiralty and maritime causes, saving to suitors, however, in all such causes "the right of a common law remedy, where the common law is competent to give it." Act of September 24, 1789, c. 20, Section 9, 1 Stat. 73.[2] Thus, in determining whether the Circuit Court of Mason County has jurisdiction of the plaintiff's cause of action, the question which must be answered is whether the proceeding in that court and the relief sought therein, though admittedly involving a maritime claim, falls within the ambit of the "saving to suitors" clause of 28 U.S.C.A. Section 1333(1).

■ The principles derived from the numerous cases deciding this question may be summarized in a few statements. In determining which claims or proceedings are exclusively within admiralty jurisdiction and which are saved to suitors under the common law, admiralty jurisdiction is held to be exclusive "only as to those maritime causes of action begun and carried on as proceedings *in rem*, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. . . . It is this kind of *in rem* proceeding which state courts cannot entertain. But the jurisdictional act does leave state courts 'competent' to adjudicate maritime causes of action in proceedings '*in personam*,' that is, where the defendant is a person, not a ship or some other instrument of navigation." Madruga v. Superior Court of State of California in and for County of San Diego, 346 U.S. 556, 560, 561, 74 S.Ct. 298, 301, 98 L.Ed. 290

(1954). The proceeding in rem in the admiralty court has been held to be a proceeding under the civil law, not a remedy afforded by common law and, therefore, not saved to suitors under the provisions of 28 U.S.C.A. Section 1333. The Moses Taylor v. Hammons, 4 Wall. 411, 431, 71 U.S. 411, 431, 18 L.Ed. 397 (1867). This type of proceeding is based upon a maritime lien in the res or thing and is brought against the vessel or thing, as opposed to an individual or corporate entity, which is treated as the offender and made the defendant in order to enforce the lien. As stated in The Galena Dubuque, Dunleith & Minnesota Packet Company v. Rock Island Railroad Bridge, 6 Wall. 213, 215, 73 U.S. 213, 215, 18 L.Ed. 753 (1867), the maritime lien and the proceeding in rem are correlative, "where one exists, the other can be taken, and not otherwise."

■ In applying these principles to the present case, it would seem clear that plaintiff, in the state court action, is proceeding in personam against the defendant. No maritime lien is asserted by plaintiff, nor is the proceeding, in form or in substance, one against the propeller of the motor vessel Etta Kelce, as contemplated by the proceeding in rem in admiralty. The question presented to the Circuit Court of Mason County involves the issue of the right to possession or damages as between the plaintiff and the defendant in that suit and does not affect the interest of others "in the world at large, as it would if this were a proceeding in rem to enforce a lien." Madruga v. Superior Court of State of California in and for County of San Diego, 346 U.S. at p. 561, 74 S.Ct. at p. 301. The action in the state court is a possessory action similar to a detin-

2. Although this clause, as carried forward in 28 U.S.C.A. Section 1333 and as amended in 1948 and 1949, now provides that the district courts shall have original jurisdiction exclusive of state courts of any case of admiralty or maritime jurisdiction, saving to suitors in all cases "all other remedies to which they are otherwise entitled," the commentators, as well as the Supreme Court to the extent that it has considered the question, appear to be of the view that the amendments have not made any substantive change in the meaning or effect of the savings to suitors clause. See Gilmore and Black, Admiralty, Section 1–13, at p. 35; 7A Moore's Federal Practice, paragraph .210, at pp. 2205, 2206.

ue or replevin in action at common law. As stated by Justice Story in his Commentaries on the Constitution, 3 Story Commentaries on the Constitution 533 (1833), ". . . (I)n cases, where the jurisdiction of the courts of common law and the admiralty are concurrent, (as in cases of *possessory suits*, mariners' wages, and marine torts) there is nothing in the Constitution necessarily leading to the conclusion that the jurisdiction was intended to be exclusive; and there is little ground, upon general reasoning, to contend for it." (Emphasis added).

 Only one other point needs to be mentioned in this opinion and that relates to the counterclaim asserted by defendant in the state court action. The counterclaim is one for salvage, clearly a maritime cause of action, entitling defendant to a maritime lien on the salvaged propeller, The Sabine, 101 U.S. 384, 386, 25 L.Ed. 982 (1880); Gilmore and Black, Admiralty, Section 9–20, at p. 514, and under some circumstances entitling the salvor to possession as against the claim of the owner. Merrill v. Fisher, 204 Mass. 600, 91 N.E. 132 (1910). It follows from what has been said concerning the appropriateness of in rem proceedings involving a maritime claim that defendant is not entitled to in rem relief in the state court, nevertheless, federal maritime law will govern plaintiff's and defendant's rights respecting such claim in the state court proceeding, Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409, 410, 74 S.Ct. 202, 98 L.Ed. 143 (1953), and that court has the power to protect the rights of the parties therein by applying federal maritime law. See Merrill v. Fisher, 204 Mass. at p. 605, 91 N.E. 132; Baker v. Hoag, 7 N.Y. 555 (1853); Mengel Box Co. v. Joest, 127 Miss. 461, 90 So. 161 (1921).

Finding, therefore, that the prerequisites for removal are lacking and that the state action was improperly removed to this court, and further finding that the state court from which the action was removed has jurisdiction of the sub-ject-matter of the action, the plaintiff's motion to remand must be granted and an appropriate order to that effect will be made and entered.