[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15126

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-60988-CV-UUB

OFFSHORE MARINE TOWING, INC.,

Plaintiff-Appellant,

versus

MR23,
her engines, boiler, machinery, tackle, equipment,
freights, furnishings, and appurtenances, etc., in rem,
CHERIF AYOUTY,
WINGHAM, LTD.,
in personam, as owner of MR23,

Defendants-Appellees,

GIBRALTAR BANK,

Garnishee-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 20, 2005)

Before DUBINA, PRYOR and KRAVITCH, Circuit Judges.

PRYOR, Circuit Judge:

This admiralty appeal presents two related issues: (1) whether attorney's fees may be awarded to a salvor in an <u>in rem</u> action against the vessel; and (2) whether the district court acted within its authority under the Federal Arbitration Act, 9 U.S.C. section 11, when it modified the arbitration award in favor of the salvor to exclude attorney's fees and expenses. We affirm the decision of the district court, because attorney's fees are not part of a salvage lien that may be awarded in an <u>in rem</u> action and the awarding of attorney's fees was not submitted to the arbitrator.

## I.  BACKGROUND

On July 6, 2002, the M/V MR23, a sixty-one foot luxury motor yacht, was grounded on the shore of Gun Cay in the Bahamas. The owner of the MR23, Cherif Ayouty, was on board and requested assistance. Offshore Marine Towing, Inc. (OMT) responded to the call for assistance.

On arrival at the stranded vessel, OMT presented Ayouty with a Standard Form Marine Salvage Contract, which Ayouty executed. The contract provided that the services of OMT were rendered on a no-cure/no-pay basis and provided for arbitration of all disputes regarding the reasonableness of any fees or charges due under the contract. The contract did not contain any provision regarding the <u>in</u>

2

personam jurisdiction of the vessel owner.  After execution of the contract, OMT successfully freed the MR23 and towed her to Fort Lauderdale, Florida, where a dispute arose over the salvage award due OMT.

On July 19, 2002, OMT filed suit in the United States District Court for the Southern District of Florida to arrest the MR23 as security for its salvage lien. OMT invoked the admiralty and maritime jurisdiction of the court under 28 U.S.C. section 1333, and stated that the case was an action to foreclose a maritime lien. The district court issued a warrant in rem for the MR23.  Ayouty, who is not subject to personal jurisdiction in Florida, entered a limited appearance, under Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims, to defend the vessel without subjecting himself to in personam jurisdiction.

OMT moved the district court to compel arbitration.  The district court ordered the parties to submit to arbitration.  The arbitrator issued an award in favor of OMT for salvage in the amount of $15,852.50 and interest.  The arbitrator overruled Ayouty's objections to an award of attorney's fees and stated that "the award of attorney's fees is specifically permitted in salvage cases."  The arbitrator granted OMT legal fees and expenses in the amount of $29,314.82.  The arbitrator noted that it was not clear that the issue of attorney's fees had been submitted to arbitration, but stated "[i]f it was not the intention of the [c]ourt for the issue of

3

fees and costs to be a subject of this award, it can certainly so state and handle those issues as it sees fit."

OMT moved the district court to confirm the arbitration award. Ayouty moved the district court to modify or vacate the award solely with regard to the attorney's fees and expenses. On review, the district court ruled that attorney's fees could not be awarded in an in rem action and that the issue of attorney's fees had not been submitted to the arbitrator. The district court granted Ayouty's motion to modify the arbitration award. OMT appeals.

## II. STANDARD OF REVIEW

This Court reviews an order that vacates or modifies an arbitration award "for clear error with respect to factual findings and de novo with respect to the district court's legal conclusions." Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc., 146 F.3d 1309, 1311 (11th Cir. 1998).

## III. DISCUSSION

Arbitration awards may be modified in a limited number of circumstances. We first address whether the district court properly modified the arbitration award. We then address whether attorney's fees may be awarded to a salvor in an in rem action for salvage, which is a question of first impression in this circuit.

*A. Because the Issue of Attorney's Fees Was Not a Matter Submitted to the Arbitrator, the District Court Properly Modified the Arbitration Award.*

4

Under the Federal Arbitration Act, a district court may modify the decision of an arbitrator in a limited number of circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11. The district court ruled that the issue of attorney's fees was not submitted to the arbitrator and modified the arbitration award.

"Under the FAA, upon motion of a party, district courts must compel arbitration of all claims subject to arbitration." Am. Exp. Fin. Advisors, Inc. v. Makarewicz, 122 F.3d 936, 940 (11th Cir. 1997). OMT argues that the order of the district court that compelled arbitration included attorney's fees, because the contract between OMT and Ayouty required arbitration and, as stated in the district court order, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."

This argument fails. The district court cannot compel arbitration on an issue not before it. The only question before the district court was the value of the salvage lien. As we explain below, because attorney's fees are not part of the

5

salvage lien, the district court did not submit the issue of attorney's fees to the arbitrator. The district court correctly found that the award of attorney's fees was not a matter submitted to the arbitrator.

### B. Attorney's Fees Are Not Part of a Salvage Lien and May Not Be Awarded in an In Rem Action for Salvage.

It is the general rule that attorney's fees are not awarded in admiralty cases, Ins. Co. of N. Am. v. M/V Ocean Lynx, 901 F.2d 934, 941 (11th Cir. 1990), but there are a few exceptions to this rule. Attorney's fees have been awarded when the losing party has acted in bad faith or vexatiously. Alyeska Pipeline Serv. Co. v. Wilderness Soc., 421 U.S. 240, 258-59, 95 S. Ct. 1612, 1622 (1975); Vaughan v. Atkinson, 369 U.S. 527, 530-31, 82 S. Ct. 997, 999-1000 (1962). Attorney's fees have also been awarded to an indemnitee in a suit against the indemnitor, Platoro, Ltd., Inc. v. Unidentified Remains of a Vessel, 695 F.2d 893, 906 n.19 (5th Cir. 1983), and in cases involving breach of the warranty of workmanlike performance. Delta S.S. Lines, Inc. v. Avondale Shipyards, Inc., 747 F.2d 995, 1011 (5th Cir. 1984).

This case does not involve any recognized exception to the general rule, and the district court correctly held that Bradford Marine Inc. v. M/V Sea Falcon, 64 F.3d 585 (11th Cir. 1995), controls this case. In Bradford, we held that attorney's

fees could not be collected in an <u>in rem</u> action to enforce a maritime lien for necessaries: "A suit <u>in rem</u> to enforce a maritime lien is limited to the value of the lien itself. 'The only object of the proceeding <u>in rem</u>, is to make [the right to the maritime lien] available–to carry it into effect. It subserves no other purpose.'" <u>Id.</u> at 589 (quoting <u>The Rock Island Bridge</u>, 73 U.S. (6 Wall.) 213, 215 (1867)). We further held that "the attorney's fees in this case are properly charged against the <u>Sea Falcon</u> <u>in rem</u> . . . only if the fees, which Bradford incurred as a result of retaining legal counsel to pursue a claim against the <u>Sea Falcon</u> and its owners," were necessaries and provided to the Sea Falcon. <u>Id.</u> Because the attorney's fees were not necessaries provided to the Sea Falcon, we held that the attorney's fees could not be assessed in the <u>in rem</u> action. <u>Id.</u>

Although OMT attempts to distinguish <u>Bradford</u> on the ground that it involved a lien for necessaries, this arguments is unpersuasive. There is no basis to limit the reasoning of <u>Bradford</u> to <u>in rem</u> actions for a maritime lien for necessaries. A maritime action <u>in rem</u> for salvage, including contract salvage, is also a suit to enforce a lien. 46 U.S.C. § 31301 (5)(F). Because the attorney's fees incurred in the litigation and arbitration were not part of the value of the salvage lien against the vessel, they could not properly be recovered in an action <u>in rem</u>.

"Awards for performance of salvage services are not limited to a strict

quantum meruit measure of the value of the services performed.  Rather, the award is calculated to include a bounty or premium based upon the risk involved in the operation and the skill with which it was performed."  Treasure Salvors, Inc. v. Unidentified Wreck & Abandoned Sailing Vessel, 640 F.2d 560, 567 (5th Cir. 1981).  The calculation of the award is specific to the facts of each case, and compensation is given as a reward "for perilous services, voluntarily rendered, and as an inducement to seamen and others to embark in such undertakings to save life and property."  The Blackwall, 77 U.S. (10 Wall.) 1, 14 (1869).

In The Blackwall, the Supreme Court enumerated six factors related to the salvor's skill and risk in the calculation of a salvage award:

(1.) The labor expended by the salvors in rendering the salvage service.  (2.) The promptitude, skill, and energy displayed in rendering the service and saving the property.  (3.) The value of the property employed by the salvors in rendering the service, and the danger to which such property was exposed.  (4.) The risk incurred by the salvors in securing the property from the impending peril.  (5.) The value of the property saved.  (6.) The degree of danger from which the property was rescued.

Id. at 13-14.  These factors are a guide to measure both the cost to the salvors of performing the service and the benefit to the salvee.  Margate Shipping Co. v. M/V JA Orgeron, 143 F.3d 976, 986-87 (5th Cir. 1998).

Attorney's fees do not fit within any of the Blackwall factors.  Attorney's

8

fees are not a measure of the labor expended by the salvors, the skill of the salvors, the value of salving property, or the risk to the salvors or the property. Neither do the attorney's fees correspond to the value of the salved property or the risk to that property. Rather, attorney's fees arise in the enforcement of a salvage lien; attorney's fees are not part of the lien itself.

The cases cited by OMT to establish the propriety of an award of attorney's fees in an <u>in rem</u> action are distinguishable; in no case on which OMT relies were attorney's fees awarded against a vessel. In <u>Southernmost Marine Services v. M/V Potential</u>, 250 F. Supp. 2d 1367, 1380-81 (S.D. Fla. 2003), attorney's fees were awarded against an insurance company for its frivolous failure to pay a salvage award after contracting with the salvors. In <u>Cobb Coin v. Unidentified, Wrecked Abandoned Sailing Vessel</u>, 549 F. Supp. 540, 562-63 (S.D. Fla. 1982), attorney's fees were awarded against the State of Florida for its bad faith interference with the salvor's federal rights. In <u>Treasure Salvors, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel</u>, 556 F. Supp. 1319, 1341 (S.D. Fla. 1983), attorney's fees were awarded against the intervening salvor. In <u>Compania Galena, S.A. v. M/V Caribbean</u>, 565 F.2d 358 (5th Cir. 1978), no attorney's fees were awarded, and in <u>Faneuil Advisors, Inc. v. O/S Sea Hawk</u>, 50 F.3d 88 (1st Cir. 1995), which OMT erroneously cited for tacit support of its position, the First Circuit reversed

9

the district court on the ground that the vessel at issue had not been salvaged. The court expressed no opinion on the remaining issues, including attorney's fees, because its holding that the vessel was not salvaged "obviate[d] the need for any discussion on these other issues." Id. at 90 n.6.

We conclude that attorney's fees may not be recovered in an in rem action to enforce a salvage lien. The district court did not have in personam jurisdiction over the vessel owner to enforce a contractual obligation to pay attorney's fees, and OMT did not pursue any remedies quasi in rem. The district court, therefore, did not err in modifying the arbitration award.

## IV. CONCLUSION

Because attorney's fees may not be awarded in an in rem action for a salvage lien and the issue of attorney's fees was not submitted to the arbitrator, the district court correctly modified the arbitration award in favor of OMT to exclude attorney's fees and costs.

**AFFIRMED.**