[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10033
_____

D. C. Docket No. 1:12-cv-03233-JOF

DIRECTV, LLC,

Plaintiff-Appellee,

versus

JOHN ARNDT,
STEPHEN PEACOCK,

Defendants-Appellants,

JEREMY MCMICHEN,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 22, 2013)

Before PRYOR and BLACK, Circuit Judges, and RESTANI,[*] Judge.

_____

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

PER CURIAM:

Appellants John Arndt, Jeremy McMichen, and Stephen Peacock (the Technicians) appeal the district court's order granting Appellee DIRECTV, LLC's, (DIRECTV) petition to vacate an arbitration award under § 10(a)(4) of the Federal Arbitration Act (FAA). After review of the record and consideration of the parties' briefs, and having had the benefit of oral argument, we reverse.

## I.  BACKGROUND

The Technicians worked at DIRECTV, a provider of TV services, as satellite installation and repair technicians. While employed by DIRECTV, the Technicians each signed an arbitration agreement. In pertinent part, the agreements required that "all claims or controversies . . . past, present or future, arising out of an employee's employment or termination" be submitted to binding arbitration, including "claims for wages or other compensation due . . . and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance." The agreements further provided that:

> By entering into this Agreement, Employee does not waive his/her right to file an administrative claim or complaint with the appropriate administrative agency, but does waive his/her right to file a civil action and a jury trial, because the Agreement provides for an adequate and equal opportunity for the vindication of claims and complaints through this arbitration process.

2

In November 2011, the Technicians filed a demand for collective or class arbitration with the American Arbitration Association (AAA), alleging that DIRECTV failed to pay them overtime wages in violation of the Fair Labor Standards Act (FLSA).  The Technicians sought to bring their case on behalf of themselves and all other similarly situated employees.

On August 23, 2012, the arbitrator issued an order finding the agreements provided for collective arbitration of the Technicians' FLSA claims.  Several weeks later, on September 14, 2012, DIRECTV filed a petition in the district court seeking to vacate the arbitrator's award under 9 U.S.C. § 10(a)(4), on the basis that she had exceeded her authority in finding the parties consented to collective arbitration.  The Technicians, in turn, filed a motion to dismiss DIRECTV's petition for lack of subject matter jurisdiction, or, in the alternative, to deny the petition.  After finding it possessed federal subject matter jurisdiction, the district court granted DIRECTV's petition to vacate the arbitration award and denied the Technicians' motion to dismiss.  The district court also declined to direct rehearing by the arbitrator and ordered the arbitration to proceed bilaterally.

## II. STANDARD OF REVIEW

We review *de novo* the district court's legal conclusions underlying an order vacating an arbitration award while reviewing its findings of fact for clear error. *Offshore Marine Towing, Inc. v. MR23*, 412 F.3d 1254, 1255 (11th Cir. 2005).  We

also review *de novo* the district court's determination of whether it has subject matter jurisdiction.  *Gupta v. McGahey*, 709 F.3d 1062, 1064-65 (11th Cir. 2013).

### III. DISCUSSION

*A. District Court's Jurisdiction*

On appeal, the Technicians contend the district court lacked subject matter jurisdiction over DIRECTV's petition to vacate the arbitration award because (1) the arbitrator's award was an interim order; and (2) the AAA's Employment Rules do not provide for an interlocutory appeal of an arbitrator's award finding the parties consented to collective arbitration.

The Supreme Court has stated the FAA itself does not contain a grant of jurisdiction to the federal courts.  *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008).  Instead, an independent jurisdictional basis is required. *Id.*

In *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 668-69 (2010), the Supreme Court addressed a party's petition to vacate an arbitration award finding that a clause in a maritime contract provided for class arbitration of a price-fixing claim.  The majority in *Stolt-Nielsen*, *see id.* at 670 n.2, rejected the dissent's arguments that federal jurisdiction did not exist to consider the case because the arbitration award was "abstract and highly interlocutory," *id.* at 690 (Ginsburg, J., dissenting).  Instead, the issue was constitutionally ripe for judicial

4

review because the arbitration award meant that the parties would have to submit to class determination proceedings before arbitrators who might not have the authority to require class arbitration, demonstrating sufficient hardship to render the issue "fit for [the Court's] review at [that] time." *Id.* at 670 n.2 (majority opinion).

Recently, in *Southern Communications Services, Inc. v. Thomas*, 720 F.3d 1352, 1354 (11th Cir. 2013), we addressed a petition to vacate arbitration awards that construed an arbitration clause as allowing class litigation and certifying a class. Although we did not extensively discuss the issue of the district court's subject matter jurisdiction, we noted the district court had both federal question and diversity jurisdiction. *See id.* at 1357 n.5.

In this case, the district court had federal question jurisdiction under 28 U.S.C. § 1331 because the Technicians' claims arose under a federal statute—the FLSA. The Technicians' arguments that the district court lacked subject matter jurisdiction because the petition to vacate the arbitrator's clause construction award was an interim order simply echo the arguments rejected by the majority in *Stolt-Nielsen*, and we need not revisit an issue squarely resolved by the Supreme Court.

The Technicians' assertion that the district court lacked jurisdiction because this case was proceeding under the AAA's Employment Rules also misses the

mark.  It is axiomatic that the district court's jurisdiction is granted by Congress, and may not be conferred by any act or agreement of the parties.  *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) (explaining that "Federal courts have limited subject matter jurisdiction," and that "[s]ubject matter jurisdiction is conferred and defined by statute.  It cannot be created by the consent of the parties, nor supplanted by considerations of convenience and efficiency" (citation omitted)).  That the parties submitted their dispute to a private organization for resolution did not elevate that organization's rules and procedures into a congressional grant of federal jurisdiction.  It is therefore irrelevant whether the arbitration proceeded under the AAA's Supplementary or Employment Rules.

*B. District Court's Order Vacating the Arbitration Award*

The district court erred in vacating the arbitrator's award.[1]  The FAA provides that a district court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).  Section 10 enumerates the exclusive grounds for vacatur of an arbitration award.  *See Hall St. Assocs.*, 552 U.S. at 583.

---

[1] We note the district court issued its order vacating the arbitrator's award before the Supreme Court decided *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064 (2013), and before our decision in *Thomas*, and thus did not have the benefit of those opinions.

The Supreme Court allows federal courts little leeway in determining whether an arbitrator exceeded her powers within the meaning of § 10(a)(4). As the Court has explained, "[u]nder the FAA, courts may vacate an arbitrator's decision only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013) (quotation omitted). "Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." *Id.* (quotation omitted). Thus, the sole question for a federal court is "whether the arbitrator (even arguably) interpreted the parties' contract, not whether [s]he got its meaning right or wrong." *Id.*

In *Thomas*, we explained "*Sutter* instructs us that, under § 10(a)(4), if the arbitrator (even arguably) interpreted the parties' contract, a court must end its inquiry and deny a § 10(a) motion for vacatur." *Thomas*, 720 F.3d at 1359 (quotation omitted). We elaborated:

> It is only in the rare instance where a court finds that a contract lacks *any* contractual basis for ordering class procedures that it must proceed to the analysis directed by *Stolt-Nielsen* and ask whether the arbitrator identified and applied a rule of decision derived from the FAA or other applicable body of law or, alternatively, merely imposed its own policy choice and thus exceeded its powers.

*Id.* (quotations, citations, and brackets omitted).

As in *Thomas*, "the briefest glance" at the arbitrator's award reveals that she arguably interpreted the agreements. *See id.* The arbitrator stated that "[t]he

7

pivotal issue is whether, *under the terms of the Arbitration Agreements*, [the Technicians] may maintain this action for alleged violations of the FLSA as a collective arbitration," and "[w]hether the Agreement precludes arbitration of collective claims, or what kind of proceeding the parties agreed to is the first inquiry that must be determined by the arbitrator before the arbitration may proceed as a collective action."  The arbitrator also explicitly acknowledged that her duty was "to examine the terms of the Agreement, and to determine if there exists a contractual basis for concluding that [the parties] agreed to or did not agree to arbitrate FLSA collective actions."  Consonant with those statements, the arbitrator quoted specific language in the agreements and explained that the agreements were worded broadly, encompassing all past, present, and future claims or controversies relating to wages and compensation.  According to the arbitrator, the plain language of the agreements explicitly allowed the Technicians to assert their rights on a collective basis.  Furthermore, the language relied on by DIRECTV to demonstrate the agreements provided only for bilateral arbitration was not sufficiently compelling to override the Technicians' statutory rights guaranteed by the agreements.  In closing, the arbitrator stated "I find that the Agreements expressly and implicitly provide for collective arbitration of FLSA claims and *by terms of the Agreements* the parties consented to the collective arbitration."

Because the arbitrator arguably interpreted the parties' agreements, the district court should have ended its inquiry and denied DIRECTV's petition for vacatur. *Thomas*, 720 F.3d at 1359. Although *Sutter* and *Thomas* involved class arbitration while this case involves collective arbitration, that difference does not matter in resolving this appeal. The Supreme Court's construction of § 10(a)(4) in *Sutter* was broader than the class action context, and articulates a rule for all § 10(a)(4) petitions for vacatur of an arbitration award.[2]

The arbitrator's award may have been ugly, and could have been mistaken, incorrect, or in manifest disregard of the law, but those are not grounds for vacating the award under § 10(a)(4). *See Sutter*, 133 S. Ct. at 2071 ("The arbitrator's construction holds, however good, bad, or ugly."); *Thomas*, 720 F.3d at 1360 ("[I]n our circuit, we recognize neither an incorrect legal conclusion, nor a manifest disregard of the law as grounds for vacating or modifying an award." (quotations omitted)). Accordingly, the district court's order is **REVERSED**.

---

[2] DIRECTV's reliance on *Stolt-Nielsen* is also unavailing. The parties in this case did not enter a stipulation agreeing that they had reached no consensus in the agreements regarding collective arbitration, as did the parties in *Stolt-Nielsen*. *See* 559 U.S. at 668, 673. Consequently, the agreements in this case could plausibly afford a basis for divining the parties' intent, and the arbitrator did not abandon her interpretive role in finding consent to collective arbitration based on the text of the agreements. *See Sutter*, 133 S. Ct. at 2069-70; *Thomas*, 720 F.3d at 1359. We note this is the same distinction relied on by the Supreme Court itself in *Sutter*. *See* 133 S. Ct. at 2069-70.