[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10931
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-10010-KMM


ARNAUD GIRARD,

Plaintiff-Appellant,

versus

M/Y QUALITY TIME,
Official #1184408, HID # MDNC2013I405, her boats,
tackle, apparel, and furniture, engines and appurtenances,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 6, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Arnaud Girard, a professional salvor, operates a salvage company out of Key West, Florida.  On December 26, 2012, the M/Y Quality Time ran aground off the coast of Key West.  Mr. Girard responded, and in a joint effort with the United States Coast Guard, he salvaged the Quality Time.  He subsequently filed an *in rem* action against the vessel seeking a salvage award.  Following a bench trial, the district court sitting in admiralty awarded Mr. Girard $16,896.05 (12% of the Quality Time's post-casualty value) for his efforts.  Mr. Girard argues that the award was inadequate in light of the risk he undertook to salvage the vessel and the skill with which he performed the recovery.

Mr. Girard does not quarrel with the district court's factual findings.  Rather, he argues that the district court's conclusions of law are inconsistent with its factual findings, and that, based on the factual findings, the district court should have calculated a higher award.  Mr. Girard further argues that the district court applied the incorrect law, and that in light of the public policy undergirding salvage awards, that he should have been awarded 33% of the Quality Time's post-casualty value.

2

Mr. Girard's claims do not hold water.  For the reasons that follow, we affirm.[1]

# I

There is no precise formula for calculating salvage awards.  *Allseas Mar., S.A. v. M/V Mimosa*, 812 F.2d 243, 246 (5th Cir. 1987).  Rather, "[t]he calculation of [an] award is specific to the facts of each case, and compensation is given as a reward 'for perilous services, voluntarily rendered, and as an inducement to seamen and others to embark in such undertakings to save life and property.'" *Offshore Marine Towing, Inc. v. MR23*, 412 F.3d 1254, 1257 (11th Cir. 2005) (quoting *The Blackwell,* 77 U.S. (10 Wall.) 1, 14 (1869)).  Courts calculate salvage awards based on the well-established factors announced in *The Blackwell*.  *See Offshore Marine Towing*, 412 F.3d at 1257.  The factors, which relate to the salvor's skill and the risk undertaken, are:

> (1.) The labor expended by the salvors in rendering the salvage service. (2.) The promptitude, skill, and energy displayed in rendering the service and saving the property. (3.) The value of the property employed by the salvors in rendering the service, and the danger to which such property was exposed. (4.) The risk incurred by the salvors in securing the property from the impending peril. (5.) The value of the property saved. (6.) The degree of danger from which the property was rescued.

---

[1] Mr. Girard filed an unopposed motion for leave to file a reply brief after the filing deadline. The motion is granted, and we have considered his reply brief.

*Id.* (quoting *The Blackwall*, 77 U.S. at 14).

We are loath to disturb a salvage award, and will do so only when the award "is based on erroneous principles or a misapprehension of the facts or is so grossly . . . inadequate as to be deemed an abuse of discretion." *Compania Galeana, S.A. v. The Motor Vessel Caribbean Mara*, 565 F.2d 358, 360 (5th Cir. 1978).[2]

## A

Mr. Girard claims that the factual findings made by the district court are inconsistent with its legal conclusions and that the inconsistency resulted in an inadequate salvage award. We find no inconsistency and agree with the district court's finding that this was a low-level salvage. Mr Girard's efforts, while commendable and worthy of compensation, were limited to routine salvage services typical of a professional salvor. These services included pumping or dewatering the Quality Time, patching her hull, and towing her to the boatyard. The seas were moderate, and the weather was relatively calm. And, the Coast Guard—which arrived on scene prior to Mr. Girard and departed only after the Quality Time had been stabilized—had already removed the passengers from the Quality Time. The district court took into account the risks associated with the nighttime dive to repair the Quality Time's hull, as well as the fact that Mr. Girard completed the salvage promptly and efficiently. The district court's salvage award,

---

[2] Under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we are bound by Fifth Circuit decisions handed down prior to October 1, 1981.

"although stated . . . in the form of a conclusion of law, is largely a matter of fact and discretion, which . . . depends upon a consideration of all the circumstances of each case."  *The Connemara*, 108 U.S. 352, 359 (1883).  We find no errors or inconsistencies between the district court's findings and conclusions.

**B**

Mr. Girard also asserts that the district court erroneously applied the fourth *Blackwell* factor.  We disagree.

"We review the district court's conclusions of law *de novo*."  *Venus Lines Agency, Inc. v. CVG Int'l Am., Inc.*, 234 F.3d 1225, 1228 (11th Cir. 2000).  In evaluating the fourth *Blackwell* factor (the risk incurred by the salvors in securing the property from peril), the district court concluded that Mr. Girard was not entitled to a liberal award because the risks he faced were not out of the ordinary for a typical salvor.  The district court cited *B.V. Bureau Wijsmuller v. United States*, 702 F.2d 333 (2d Cir. 1983), as support for this proposition.

In *Wijsmuller*, the Second Circuit stated that the fourth *Blackwell* factor "should be considered in the light of the hazards which are normally encountered by men who go to sea.  It is risks out of the ordinary for men of *that calling* which are recognized and liberally rewarded in salvage cases."  *Id.* at 340 (emphasis added and quotation marks omitted).  Mr. Girard argues that the phrase "men who go to sea" means the ordinary person—i.e, not a professional salvor.  He claims

5

that because he took risks that an ordinary person would not have taken, he is entitled to a liberal award. Mr. Girard misapprehends the phrase "men who go to sea." The phrase is modified in the second sentence by "men of that calling." Thus, where a professional salvor undertakes risks out of the ordinary for a professional salvor, he may be liberally rewarded.

Here, the district court found that Mr. Girard did not face any risks out of the ordinary for the typical professional salvor, and thus he was not entitled to a liberal award. The district court did not err in its application of the fourth *Blackwell* factor, as Mr. Girard claims. Rather, based on the facts and circumstances of this case, the district court arrived at a reasonable salvage award.

## C

Mr. Girard contends that based on public policy—i.e., in order to incentivize salvors—the district court should have awarded him 33% of the Quality Time's post-casualty value. In support of his argument, Mr. Girard cites *The Lamington*, 86 F. 675 (2d Cir. 1898), and the survey of salvage award cases therein. *See id.* at 685-95. He calls our attention to 13 cases in which he claims the salvage award was not less than 33% of the ship's value and rarely below 50%. Mr. Girard mischaracterizes *The Lamington*, and not surprisingly, cherry-picks instances that support his position. Of the 118 cases surveyed by the Second Circuit over a century ago in *The Lamington*, 82 (69.5%) resulted in awards of 50% or less (this

6

can hardly be considered rare), and 43 (36.4%) resulted in awards of 25% or less. We also note that 80 cases (67.8%) were decided before the Supreme Court's decision in *The Blackwell*.

In any event, "fixed percentages of value and comparisons to percentages from previous awards should play no role in the salvage award." *Wijsmuller*, 702 F.2d at 339. It is well settled that awards are based on the facts and circumstances of each case. *See The Connemara*, 108 U.S. at 359. The district court applied the *Blackwell* factors to the facts of this case to determine the salvage award.

Mr. Girard has failed to demonstrate that the district court abused its discretion. We therefore affirm the district court's salvage award.

## II

Finally, Mr. Girard argues that the district court erred in not awarding pre-judgment interest. "It is the general rule of this circuit to award pre-judgment interest in admiralty cases." *Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1280 (11th Cir. 2003). Although the Quality Time asserts that the district court chose to deny pre-judgment interest because Mr. Girard obtained less at trial than he sought, it does not cite to anything in the record to support its assertion, and we have been unable to find any ruling by the district court on this issue. Because the order in this case does not mention pre-judgment interest, we remand to allow the district court to address the issue in the first

instance.  *See St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1192 (11th Cir. 2009) (remanding for a calculation of pre-judgment interest where, as here, the relevant findings said nothing about the issue).

## III

The district court's salvage award is affirmed.  The case is remanded for the district court to consider the matter of pre-judgment interest.

**AFFIRMED IN PART, REMANDED IN PART.**