[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11549
_____

D.C. Docket No. 1:10-cv-22353-MGC


RODNEY SCHATT,
individually and on behalf of all
persons similarly situated,

                                        Plaintiff-Appellant,

versus

AVENTURA LIMOUSINE & TRANSPORTATION
SERVICE, INC.,
agent of
d/b/a/ Aventura Limousine and Aventura
Worldwide,
SCOTT TINKLER,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 16, 2015)

Before HULL and DUBINA, Circuit Judges, and BOWEN,[*] District Judge.

PER CURIAM:

Plaintiff Rodney Schatt, a limousine driver, appeals the vacatur of an interim arbitral award secured against his former employer.  After careful review, we hold that the district court was without jurisdiction to vacate the interim award.[1]

## I.  BACKGROUND

On July 29, 2010, plaintiff Rodney Schatt filed an amended complaint against defendants Aventura Limousine & Transportation Service, Inc., and Scott Tinkler (collectively, "Aventura").  Schatt's suit claims he and others were misclassified as independent contractors and denied overtime pay by Aventura in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq.

### A.    Compelling Arbitration

On August 30, 2010, defendant Aventura filed a motion to compel arbitration and stay proceedings until completion of arbitration or, in the alternative, to dismiss the action.  The parties had previously executed an agreement stating:

> The parties agree that any dispute, claim, or controversy
> arising out of or relating to this Agreement, the breach,

---

[*]Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia, sitting by designation.

[1]Although originally scheduled for oral argument, this appeal was removed from the oral argument calendar by unanimous agreement of the panel. See 11th Cir. R. 34-3(f).

2

termination, enforcement, or validity thereof, or any other matter regarding the legal relationship between [Aventura], [Schatt], or its employees, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by a single arbitrator in proceedings administered by the American Arbitration Association, pursuant to its Commercial Arbitration Rules.

Aventura argued then that the district court "ha[d] no jurisdiction to determine the scope of the issues subject to arbitration, in that the parties also have agreed that both the applicability and the scope of the arbitration agreement [we]re to be determined by an arbitrator."

On November 30, 2010, Aventura prevailed on this argument. District Court Judge Marcia Cooke granted Aventura's motion to compel arbitration and stayed the litigation, ordering the clerk to close the case and denying any pending motions as moot.

The dispute then proceeded to arbitration before an American Arbitration Association arbitrator.

## B.    New Counsel and the Arbitral Hearing

In October 2011, Schatt hired new counsel, attorneys Richard Celler and Stacey Schulman of the firm Morgan & Morgan, P.A., to represent him in the arbitration. Celler and Schulman at that time also represented other plaintiffs in related FLSA actions against Aventura.

3

From January 16 through January 18, 2012, arbitrator Sheila Cesarano conducted a three-day hearing, which both parties and the district court termed the "final hearing" or "final arbitration hearing." The hearing addressed the central dispute as to liability, whether Schatt was an employee as defined by the FLSA rather than an independent contractor as Aventura argued. Following the hearing, Cesarano required each party to submit proposed findings of fact and conclusions of law along with final briefs by February 28, 2012.

## C.    The Motion to Disqualify

On February 24, 2012, defendant Aventura filed a motion in the district court to disqualify Morgan & Morgan and its lawyers as well as a motion to stay the arbitration pending resolution of the motion to disqualify. Specifically, Aventura alleged that Richard Celler violated several of the Florida Bar Rules of Professional Conduct in his representation of Schatt and other plaintiffs in their FLSA claims against Aventura. In addition to an array of unprofessional and hostile behavior, Celler allegedly engaged in ex parte communications with the defendant designed to undermine defense counsel.

## D.    The Interim Award on Liability

On March 28, 2012, while the disqualification motions were pending, the arbitrator issued the "Interim Award on Liability." The arbitrator found for plaintiff Schatt, determining: (1) "as a matter of law, that [Schatt] was an employee

4

as defined by the FLSA," rather than an independent contractor, and (2) that Schatt "should have been paid overtime for hours worked over forty (40) hours in a workweek."[2]

Immediately following this finding the arbitrator addressed the issue of damages. The Interim Award stated: "[b]ecause the issue of liability was bifurcated from the issue of damages, I will set another hearing via separate Order, as to damages, if necessary, as discussed below." (emphasis added).  Further explaining this, the arbitrator determined that "[t]he amount of wages owed [Schatt] as well as the amount of liquidated damages and reasonable attorneys' fees and costs shall be determined at a separate hearing . . . absent the parties agreeing to the amounts in question."  The arbitrator "urged [the parties] to confer regarding damages to avoid the necessity of a hearing" and concluded by stating that the Interim Award would "remain in full force and effect until such time as a final Award is rendered."

## E.    The Disqualification Dispute

On April 10, 2012, the district court granted defendant Aventura's motion to stay the arbitration pending resolution of the disqualification motion.  Given Celler

---

[2]Aventura filed a motion with the arbitrator to stay the arbitration proceedings.  On or about February 27, 2014, the arbitrator denied this motion for a stay, noting that "the briefing schedule in this matter will remain as is" and that as no court order had then stayed the arbitration, the arbitrator would "continue with administration."  Importantly, post-hearing briefs were due February 28, 2012, the following day.  On March 8, 2012, the arbitrator confirmed to the parties that the hearing was concluded, the arbitral record was closed, and that the arbitrator would render the award on liability by March 30, 2012.

and Morgan & Morgan's representation of other plaintiffs in similar actions, Aventura filed similar motions in those cases.

On April 11, 2012, Aventura filed a motion to consolidate its disqualification motion in this case with a nearly identical motion in Robson Coelho v. Aventura Limousine & Transportation Service, Inc., Case No. 1:10-cv-23228-MGC (S.D. Fla.), also before District Court Judge Cooke. Both the disqualification and consolidation motions were referred to a magistrate judge.

On April 12, 2012, the magistrate judge granted the consolidation motion but deferred ruling on the disqualification motion pending the resolution of yet another related disqualification motion, this one in Bedoya v. Aventura Limousine & Transportation Service, Inc., 861 F. Supp. 2d 1346 (S.D. Fla. 2012), before District Court Judge Cecilia Altonaga.

In Bedoya, following several evidentiary hearings, District Court Judge Altonaga ruled that the gravity of the professional misconduct warranted disqualification of Celler, Schulman, and the Morgan & Morgan firm representing plaintiff Bedoya in that action. Id. at 1373. Specifically, Judge Altonaga found that: (1) Celler's ex parte communication with defendant Scott Tinkler about defense counsel compromised defendants' attorney-client relationship and affected the proceedings in Bedoya; (2) Morgan & Morgan's ex parte communication with, and securing of an affidavit from, Michael Goetz (who had an employment

6

relationship with Aventura) was both improper and went to "an issue central to" the Bedoya case; and (3) that Celler's lack of professionalism as evidenced by a variety of inappropriate and hostile behaviors also worked to compromise the Bedoya case. Id. at 1356-58, 1370-71.

On May 16, 2012, District Court Judge Altonaga granted the motion to disqualify in Bedoya. Id.  Because Judge Altonaga was not presented with any legal question beyond disqualification in Bedoya, she did not comment on the effect of such disqualification, either in the Bedoya action or, critically, in this case.

## F.    Withdrawal and New Counsel

On May 21, 2012, citing Judge Altonaga's order, Stacey Schulman, on behalf of herself and Morgan & Morgan, filed a motion to withdraw as counsel for plaintiff Schatt in this action.  Though not explicitly requesting it, the motion to withdraw, in a footnote, indicated that "the stay [of arbitration] may no longer be necessary" given counsel's withdrawal.

On the same day, Aventura responded in partial opposition to Schulman's motion to withdraw to address the stay of arbitration.  Aventura "vehemently oppose[d] any lifting of the stay" and argued that for the case to continue at that time would be "ludicrous."

On May 31, 2012, new counsel Brian Lerner filed a notice of appearance on behalf of plaintiff Schatt.

## G.    Motion to Lift the Stay of Arbitration

On June 8, 2012, attorney Lerner filed a motion to lift the stay of the arbitration on behalf of plaintiff Schatt.  The motion argued that "the stay of arbitration should be lifted in conjunction with the Court granting the pending motion to withdraw by Morgan & Morgan, with any remaining issues to be litigated addressed by the arbitrator."  The motion further acknowledged Aventura's opposition to lifting of the stay, but argued that any issues arising from Morgan & Morgan's representation of Schatt were "for the arbitrator to decide" and that Aventura's arguments to the contrary were merely an attempt "to unwind the arbitration."

On the same day, Aventura filed a response, arguing that lifting of the stay would be inappropriate given the attorney misconduct that gave rise to the withdrawal.  Aventura argued: "By seeking to continue the arbitration proceedings herein, and thus take advantage of the Interim Award, Plaintiff is indeed attempting to profit from his counsel's misconduct."

On June 9, 2012, Schatt's new counsel Lerner filed a reply.

## H.    Motion to Vacate the Interim Award of Liability

8

On June 18, 2012, Aventura filed a motion for dismissal of the action with prejudice or, in the alternative, for vacatur of the Interim Award. The motion also sought attorney's fees as a sanction for the earlier misconduct.  In sum, Aventura "maintain[ed] that by virtue of the all-consuming acts of attorney misconduct that tainted the arbitration, the Interim Award cannot be permitted to stand, and Plaintiff may not otherwise profit by virtue of the misconduct that already has caused Defendants to suffer greatly."  Relevant to this appeal, Aventura wrote:

> In the instant case, there already is an "Interim Award" that has been rendered by the arbitrator. To the extent that award is deemed to be a "final" award for purposes of the Federal Arbitration Act, the law recognizes that even a "final" award may be set aside by a district court.

In addition, Aventura argued that, if vacatur of the Interim Award were to be granted, the matter should be reassigned to "a different arbitrator than that already involved because to remand to the same arbitrator would preserve an advantage in favor of Plaintiff that would just be unfair."

On June 21, 2012, the magistrate judge, after a hearing on the motion to withdraw, issued an order "adopt[ing] the findings of fact and conclusions of law contained in Judge Altonaga's order in Bedoya," granting Schulman and Morgan & Morgan's motion to withdraw as plaintiff Schatt's counsel, and denying as moot Aventura's motion to disqualify counsel.  The magistrate judge's order did not

9

address issues raised by either plaintiff Schatt's motion to lift the stay of arbitration or by defendant Aventura's motion to dismiss or vacate the Interim Award.

On July 5, 2012, Schatt filed his response to Aventura's motion. In his response, he argued that, in line with the arbitration agreement, the issues raised by Aventura's motion were "subject to determination by the arbitrator" and that, as a result, Aventura's motion was "not properly before" the district court.

Further, plaintiff Schatt argued that defendant Aventura's motion for vacatur of the Interim Award could not be decided by the district court because the Federal Arbitration Act (the "FAA") allows review of "final arbitration awards only, but not of interim or partial rulings."  With respect to the jurisdiction of the district court to vacate the Interim Award, Schatt characterized Aventura's motion as an improper interlocutory appeal of a non-final award.

On July 19, 2012, Aventura filed its reply. Regarding the finality of the Interim Award, Aventura argued that its motion for vacatur was procedurally proper because "the 'Interim Award' issued by the arbitrator [was], in fact, a 'final' award and, therefore, properly subject to a motion to vacate."  Stating that "titles do not control," Aventura maintained that because (1) only the "subsidiary matter of damages" remained to be determined and (2) "there [was] no claim or defense left to try," the Interim Award should be read as final.

10

On June 25, 2013, District Court Judge Cooke held a hearing on plaintiff Schatt's motion to lift the stay of arbitration and on defendant Aventura's motion to vacate the arbitral award.

## I.    The District Court Order

On April 8, 2014, twenty-two months after Schatt sought to lift the stay of arbitration and Aventura sought to dismiss the action or vacate the arbitral award, the district court entered an omnibus order. The district court denied Schatt's motion to lift the stay and granted in part and denied in part Aventura's motion to dismiss or vacate.  The district court denied the motion to dismiss the case, granted the vacatur motion, ordered the Interim Award vacated, and directed the parties to a new arbitration before a new arbitrator.

In analyzing the vacatur motion, the district court found that "[t]he Interim Award at issue here [was] sufficiently 'final' for review because the arbitrator resolved the issue of liability, leaving only the amount of damages for a later determination."  The district court further found that "[s]uch calculations do not prevent the award from being set aside under Sections 10 and 12 of the FAA."

After establishing, in its view, the authority to act on the vacatur motion, the district court found that the Interim Award fell within the statutory grounds for vacatur of an arbitral award because it was "procured by corruption, fraud, or undue means."  Adopting District Court Judge Altonaga's findings in the Bedoya

action, the district court found that the attorney misconduct in this action sufficiently affected the action to undermine the fairness of the award rendered.

On the same day the omnibus order was issued, plaintiff Schatt filed notice of this appeal.

## II. STANDARD OF REVIEW

This Court reviews de novo the district court's legal conclusions underlying an order vacating an arbitration award while reviewing its findings of fact for clear error. Offshore Marine Towing, Inc. v. MR23, 412 F.3d 1254, 1255 (11th Cir. 2005). We also review de novo the district court's determination of whether it has subject matter jurisdiction. Gupta v. McGahey, 709 F.3d 1062, 1064-65 (11th Cir. 2013).

## III. DISCUSSION

We begin, as we must, by determining whether the district court had jurisdiction to vacate the Interim Award. It is beyond debate that the district court had initial subject-matter jurisdiction over the FLSA action. It falls to us, however, to determine if the Interim Award was a "final" arbitration award under the meaning of the FAA.  After careful review, we hold that it was not, and therefore the district court was without jurisdiction to vacate the Interim Award.

Defendant Aventura, the appellee here, declined to file a responsive brief in this appeal, instead "relying solely on the reasoning of the district court order

below as well as the findings by the district court in <u>Bedoya</u> . . . .” Plaintiff Schatt, in his opening brief, advances arguments to which Aventura attempts no response. Although we decide the question of the district court's jurisdiction against the backdrop of our prior precedent, the wisdom of our sister circuits, and with a fidelity to the language, structure, and purpose of the FAA, we note that the appellee here could not have been less helpful in accomplishing this task. See <u>Lansdale v. Air Line Pilots Ass'n Int'l</u>, 430 F.2d 1341, 1342 (5th Cir. 1970) (“Appellee did not file a brief so we are without the benefit of argument to support the district court's position.”);[3] <u>United States v. Varmado</u>, 342 F. App'x 437, 440 (11th Cir. 2009) (“The [appellee] did not file a brief in this appeal, so we can only guess what the [appellee] thinks about that defense at this point in the proceedings.”).

## A.    The Language of the FAA

The validity of an arbitration agreement is generally governed by the FAA, 9 U.S.C. § 1 <u>et seq.</u>, enacted in 1925 to reverse the longstanding judicial hostility toward arbitration. <u>Caley v. Gulfstream Aerospace Corp.</u>, 428 F.3d 1359, 1367 (11th Cir. 2005).  The FAA embodies a liberal federal policy favoring arbitration agreements.  <u>Id.</u> (quotations omitted).  The FAA's clear purpose is “to relieve

---

[3]Although we do not here cite a holding, this Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

congestion in the courts and to provide parties with an alternative method for dispute resolution that is speedier and less costly than litigation." Id. (alterations adopted).

Section 10 of the FAA allows the district court to vacate an arbitral award under a set of statutorily-prescribed circumstances. Specifically, § 10 reads:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Courts interpreting this statutory provision commonly understand this to mean that the FAA allows review of final arbitral awards only, but not of interim or partial rulings. See Folse v. Richard Wolf Med. Instruments Corp., 56 F.3d 603, 605 (5th Cir. 1995) ("By its own terms, § 10 [of the FAA] authorizes court action only after a final award is made by the arbitrator."); Michaels v. Mariforum

14

Shipping, S.A., 624 F.2d 411, 414 (2d Cir. 1980) (holding that § 10 "has no application to an interim award that the arbitrators did not intend to be their final determination on the issues submitted to them"). This limited review is consistent with the long-held principle that review of arbitral awards is "among the narrowest known to the law." Del Casal v. Eastern Airlines, Inc., 634 F.2d 295, 298 (5th Cir. 1981).

## B.    As Applied to This Case

Here, the Interim Award on Liability clearly established that the arbitrator's work was not complete. The order itself states that a separate hearing would be required if the parties failed to agree on backpay, liquidated damages, and attorney's fees and costs.

As plaintiff Schatt argues, the issue of backpay, in particular, demonstrates that the Interim Award cannot be viewed as final.  An arbitral hearing on damages is necessary to determine which of Schatt's hours worked are compensable under the FLSA. The calculation of damages, to be set for a separate hearing, was necessary to render the arbitral result final.  See Savers Prop. & Cas. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa., 748 F.3d 708, 719 (6th Cir. 2014) ("Here, the arbitration panel issued an interim award resolving only the matter of liability; the panel retained jurisdiction to compute [claimant's] damages. Under

15

these circumstances, the arbitration was not complete because there was no 'final' award.").

Further, the cases cited by the district court do not support its ultimate conclusion. The district court's order cited several cases where the only issue remaining to be determined was attorney's fees. See, e.g., In re Rollins, Inc., 552 F. Supp. 2d 1318, 1324 (M.D. Fla. 2004) (award "disposed of all of the Respondent's Counts, Petitioners' Counterclaim, and awarded damages" with the only issue remaining being attorney's fees); Cont'l Cas. Co. v. Staffing Concepts, Inc., No. 8:09-CV-02036-T-23, 2011 WL 7459781, at *4 (M.D. Fla. Dec. 20, 2011) report and recommendation adopted, No. 8:09-CV-2036-T-23AEP, 2012 WL 715652 (M.D. Fla. Mar. 5, 2012) (award decided "all of the claims and defenses of both parties" with only issue remaining being attorney's fees); Nu-Best Franchising, Inc. v. Motion Dynamics, Inc., No. 805CV507T27TGW, 2006 WL 1428319, at *4 (M.D. Fla. May 17, 2006) (award "determined liability, damages and entitlement to attorneys' fees and administrative expenses" with the only issue remaining being amount of attorney's fees).  Unlike these cases, Schatt's ongoing arbitration involved far more remaining work than merely the calculation of attorney's fees.

Because the Interim Award was not a final arbitral award, it was not properly under review by the district court.  As we decide that the district court was without jurisdiction to vacate the Interim Award, we do not reach or comment

16

upon the district court's reasoning in deciding to vacate the award.  We do stress, however, that approaching five years have passed since plaintiff Schatt initially filed his FLSA claim and accordingly we counsel against further delay.

## IV. CONCLUSION

For the foregoing reasons, we reverse the district court's vacatur of the Interim Award and remand the case, directing the district court to lift the stay of arbitration and to compel the parties to return to the prior arbitration. Nothing herein precludes any party from making a motion to the prior arbitrator regarding the effect, if any, of the disqualification of plaintiff's counsel.

**REVERSED and REMANDED.**